STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. FRANK PANELLI, PLAINTIFF IN ERROR.

Submitted March 23, 1911—Decided June 13, 1911.

1. A question on cross-examination, the object of which is to impeach a witness by showing his interest, should fairly apprise the court of that purpose.
2. Requests to charge not embodying a legal proposition, or which relate to the weight of evidence or the value which the jury should give to certain portions of the testimony, are discretionary with the court, and a refusal to charge them cannot be assigned for error.

On error to Bergen County Quarter Sessions.

Before Justices GARRISON, PARKER and VOORHEES.

For the plaintiff in error, *Henry Marelli.*

For the defendant in error, *Wendell J. Wright.*

The opinion of the court was delivered by

VOORHEES, J. The writ of error in this case brings up for review the entire record, pursuant to one hundred and thirty-sixth section of Criminal Procedure act, of the conviction of the plaintiff in error, who kept a drug store and had a government license, upon an indictment, charging him with selling, without having first obtained a license to do so, one bottle of wine, on January 7th, 1910; one bottle of whiskey,

on January 8th, 1910; certain mixed liquors, on January 13th, 1910, and four glasses of whiskey on January 17th, 1910. The first three sales are alleged, in the indictment, to have been made to Leopold Spitzkopf, and the last to Leopold Spitzkopf and Louis Dondero.

The first ground for reversal is the exclusion of evidence on cross-examination, alleged to affect the credibility of the prosecuting witness.

The counsel had asked how the witness had happened to go to the place of sale. The reply was, "Accidentally." "I had to make my expenses," and that Mr. Cook, the other prosecuting witness, had told him to go.

He was then asked: "Q. You said that you had to make your expenses?" "Where did you get them?" This was overruled.

While the defendant had a right to test the interest of the witness, for the interest of a witness is a matter directly relevant to the issue, and it is error to exclude a cross-examination on this subject (*Prout* v. *Land Company*, 48 *Vroom* 719), yet the examiner failed to make his question definite enough to disclose its relevancy. If his object was to impeach the witness by showing his interest, as it is claimed, no such object was disclosed by the question. Nor did the question apprise the court that the examiner sought to bring out the motive of the witness in making the purchase.

It was open to him to ask whether the state's agent had paid the witness for his services, and why he had visited the defendant's shop. The overruling of the question was in the discretion of the court and was harmless.

The next point made by the defendant is that the remark of the judge, "We are charging the guilty person," in overruling an objection, was improper and prejudicial.

It was not excepted to, nor does it appear that there was a denial of any matter by the court (*State* v. *Valentina*, 42 *Vroom* 552; *State* v. *Tomassi*, 46 *Id.* 739), nor is it one of the matters specified in the statute for reversal upon a review of entire record. The remark does not necessarily mean that the defendant was the guilty person, but may as well mean

that the state was charging guilt on the person responsible in law. There appears no error.

The third point is that the court erred in *refusing* to charge the defendant's fourth and ninth requests. The requests are as follows:

"Fourth. The sale of liquor by a druggist holding a permit is legal, if he acts in good faith, and under such circumstances as are sufficient to create in the mind of a reasonable man the belief that the liquor is bought for a purpose authorized by his license."

This request failed to state the law correctly. To exempt a druggist, the liquors sold must be "in good faith compounded or sold for medicinal uses and purposes only, upon the prescription of a reputable physician." *Pamph. L.* 1889, *p.* 84, § 12.

While the prescription is not conclusive of the good faith of the seller (*State* v. *Terry,* 43 *Vroom* 375), yet without it, there is no exemption from liability.

"Ninth. If you believe that the state's witness did, by trick, evasion or falsehood, procure liquor, claiming he was sick, and the druggist in good faith, believing state's witness to be sick, gave him such liquor, then defendant cannot be charged with the crime of selling liquor without a license."

It is not a request which embodies a principle of law. It is deficient in making the good faith the sole test. A prescription is a *sine qua non.* The tenth request, viz.:

"The interest of the state's witness, Spitzkopf, in the case, should be taken into consideration by the jury, just as much as the personal interest of defendant," is next made the subject of attack, because the court refused to charge it. It was clearly imperfect. Whether the jury should take into consideration the interest of a witness to the same extent as the interest of the defendant is, at least, doubtful. The court charged: "You have a right to consider the testimony of the defendant and his witnesses as to their interest in the result," and thereby covered the subject. There was no error in refusing the request.

The other requests to charge failed to embody legal propo-

sitions and related to the weight of evidence, and the value which the jury should give to certain portions of testimony, and were therefore discretionary, and not harmful, for the court substantially charged what was embodied in the requests.

There being no error, and no action of the court from which it appears that the plaintiff in error has suffered manifest wrong or injury, the judgment must be affirmed.